UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MELVIN CLARENCE HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:07-CV-0362-G |
| RICK THALER, Director, Texas ) | |
| Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Melvin Clarence Hall's August 31, 2012 motion to alter or amend pursuant to Rule 60(b) (docket entry 37) is construed as a successive habeas petition and is transferred to United States Court of Appeals for the Fifth Circuit for appropriate action. His motion to suspend the rules is denied as moot.

I.

A jury convicted petitioner of tampering with a governmental record.[*]

Punishment, enhanced by two prior felony convictions, was assessed at 50 years

---

[*] The same jury also convicted petitioner of forgery and sentenced him to two years confinement. However, petitioner does not challenge that conviction in his federal writ.

confinement. His conviction and sentence were affirmed on direct appeal. *Hall v. State*, No. 05-05-00633-CR, 2006 WL 475808 (Tex. App.--Dallas, Mar. 1, 2006, pet. ref'd). Petitioner also filed five applications for state post-conviction relief. The first application was dismissed because a direct appeal was pending. *Ex parte Hall*, WR-25,005-05 (Tex. Crim. App. Nov. 8, 2006). The second application was denied without written order. *Ex parte Hall*, WR-25,005-06 (Tex. Crim. App. Jan. 17, 2007). The remaining applications were dismissed for abuse of the writ. *Ex parte Hall*, WR-25,005-09 (Tex. Crim. App. Jan. 28, 2009); *Ex parte Hall*, WR-25,005-10 (Tex. Crim. App. May 11, 2011); *Ex parte Hall*, WR-25,005-11 (Tex. Crim. App. Aug. 8, 2012).

Petitioner has also filed a previous petition for federal habeas relief. In that action, he raised six grounds for relief, generally alleging that: (1) he was denied due process when the trial court allowed his motion for new trial to expire by operation of law; and (2) he received ineffective assistance of counsel at trial and on appeal. His application for habeas relief was denied. See *Hall v. Quarterman*, No. 3:07-CV-0362-G, 2009 WL 159251 (N.D. Tex. Jan. 21, 2009), *aff'd*, 390 F. App'x 404 (5th Cir. 2010). Petitioner now seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure, claiming that his attorney provided ineffective assistance of counsel by failing to convey a favorable plea offer prior to trial. For the reasons set forth below, his motion is construed as a successive habeas petition and transferred to the Fifth Circuit Court of Appeals.

II.

Under Rule 60(b), a district court may grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The court may also set aside a judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Relief under this "catch-all" provision is available, however, "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (*abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc)).

However, it is well-settled in this circuit that "Rule 60(b) motions seeking to amend or alter the judgment of a first habeas proceeding 'should be construed as successive habeas petitions.'" *Hess*, 281 F.3d at 214 (quoting *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999)). In the instant motion, petitioner seeks relief under Rule 60(b) in order to raise a claim of ineffective assistance of counsel allegedly made

possible by retroactive application of the Supreme Court's recent rulings in *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v. Frye*, __ U.S. __, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). Insofar as the Fifth Circuit has not granted leave to file a successive habeas petition, this court is without jurisdiction to consider petitioner's allegations. *See* 28 U.S.C. § 2244(b)(2).

Even if petitioner's Rule 60(b) motion is not treated as a subsequent petition, he has not shown he is entitled to relief. See *Hess*, 281 F.3d at 214-15 ("While nothing on their face suggests that Rule 60(b) motions are to be seen as anything other than successive petitions, we need not decide here whether there are no circumstances under which they would not be, because relief under Rule 60(b) is, in any event, unavailable to Hess"). Petitioner has not established any of the grounds for relief from judgment set forth in Rule 60(b). Nor do changes in decisional law, such as the Supreme Court's rulings in *Laffler* and *Frye*, constitute the "extraordinary circumstances" required for granting Rule 60(b)(6) relief. See *Hess*, 281 F.3d at 216.

### III.

Accordingly, petitioner's Rule 60(b) motion is construed as an application for writ of habeas corpus and is **TRANSFERRED** to the **United States Court of Appeals for the Fifth Circuit** for appropriate action. See *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The clerk of court directed to open, for statistical purposes, a new civil action (nature of

suit 530 -- petition for writ of habeas corpus -- assigned to the same district judge and magistrate judge) and to close the same on the basis of this order. Petitioner's motion to suspend the rules for copies is **DENIED** as moot.

    **SO ORDERED**.

September 5, 2012.

                                             */s/ A. Joe Fish*
                                             **A. JOE FISH**
                                             **Senior United States District Judge**